**PIPE TRADES COUNCIL OF NORTHERN CALIFORNIA, U.A. LOCAL 159, and U.A. Local 393, Petitioners-Appellants,**

v.

**UNDERGROUND CONTRACTORS ASSOCIATION OF NORTHERN CALIFORNIA, Respondent-Appellee.**

Nos. 86–1797, 86–2580.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1987.

Decided Sept. 24, 1987.

As Amended on Denial of Rehearing and Rehearing En Banc Jan. 12, 1988.

Robert E. Jesinger and Mark S. Renner, San Jose, Cal., for petitioners-appellants.

Marcia Hoyt, Walnut Creek, Cal., for respondent-appellee.

Before HUG, NELSON and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

 Pipe Trades Council of Northern California ("Plumbers") appeals from the district court's denial of its motion to compel arbitration and the district court's imposition of sanctions pursuant to Fed.R.Civ.P. 11. We dismiss the Plumbers' appeal from the denial of their motion as moot, and we affirm the award of sanctions.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The Plumbers and the Underground Contractors Association of Northern California ("Contractors") entered into a collective bargaining agreement in July 1980, which remained in effect through June 1986. The Plumbers had also entered a separate work jurisdiction contract in 1979 with another labor organization, Northern California District Council of Laborers ("Laborers"), to allocate work assignments between the two unions. Article VIII, paragraph 77 of the collective bargaining agreement required the Contractors to make assignments in accordance with the work jurisdiction agreement between the two unions and

---

**1.** The district court's dismissal of a petition to compel arbitration is appealable as a final order because it completely and finally disposes of the claim before the court. *Thompson v. Potashnick Constr. Co.,* 812 F.2d 574, 576 (9th Cir. 1987); *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528 (9th Cir.1985). When issues are still pending in the same action, the denial of a motion to compel arbitration is appealable as an interlocutory appeal under 28 U.S.C. § 1292(a)(1). *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 817 F.2d 250, 251 (4th Cir.1987).

As discussed later in this opinion, the record below reflects some procedural ambiguity.

Plumbers filed a *petition* in district court to compel arbitration, then brought a *motion* for relief on the petition. In its order, the district court denied the Plumbers' *motion* as "premature." Some months later, Plumbers brought a second *motion,* again seeking relief on the petition. In its second order, the district court characterized its first order as having "DENIED as premature the union's first *petition* to compel arbitration." (Emphasis added.) However, whether we view the district court's first order as dismissing the Plumbers' petition or as merely denying the Plumbers' motion, we have jurisdiction to hear Plumbers' appeal.

to abide by the rulings of the Board of Arbitration of that agreement.[2] Article VI, which described the grievance procedures, required the parties to establish a joint employer-union panel, the Joint Conference Board, to hear grievances. Article VI required the Board to convene if a party submitted a written grievance. If the Board failed to reach a decision within five days, the Board was required to select an arbitrator to resolve the dispute.

On July 19, 1985, the Laborers informed the Plumbers by letter that they would no longer observe the terms of the work jurisdiction agreement. A dispute ensued between the two unions over the validity of the Laborers' termination by letter, and the matter was submitted to the Board of Arbitration of the work jurisdiction agreement.

In September 1985, the Plumbers filed a grievance against two contractors for violating paragraph 77 of the collective bargaining agreement and requested a hearing by the Joint Conference Board. The contractors responded that they did not believe grievance proceedings were required until the arbitration between the Plumbers and the Laborers respecting the continuing validity of the work jurisdiction agreement was resolved. The Plumbers then filed a petition in district court on October 8, 1985, to compel the Contractors' compliance with the grievance and arbitration procedures of the collective bargaining agreement. On October 11, when the arbitration between the Plumbers and Laborers was still pending, the Plumbers filed a motion for relief on their petition. On February 11, 1986, the district court denied the motion because it found that the existence of a valid work jurisdiction agreement between the Plumbers and the Laborers was a prerequisite to arbitration of any alleged violations of paragraph 77 of the collective bargaining agreement. In view of the pending arbitration between the two unions over the al-

leged July 1985 termination of the work jurisdiction agreement, the district court reasoned that arbitration between the Plumbers and the Contractors would be "premature." The Plumbers filed a timely notice of appeal on March 10, 1986.

On May 14, 1986, while their appeal from the district court's denial of their first motion was pending, the Plumbers filed a second motion to compel arbitration. The new motion alleged that the Contractors had violated Articles I, III, and VIII of the collective bargaining agreement. On June 12, 1986, prior to the hearing on the Plumbers' second motion, the arbitrator of the work jurisdiction agreement found that the Laborers had validly terminated the work jurisdiction agreement by their letter of July 19, 1985.

On August 8, 1986, the district court denied the Plumbers' second motion for lack of jurisdiction. The district court found that the second motion was based on the same underlying work jurisdiction dispute and held that the Plumbers' notice of appeal from the denial of their first motion had divested the trial court of jurisdiction. In addition, the district court awarded the Contractors $750 in attorney's fees in response to their Rule 11 motion for sanctions against the Plumbers and their attorney. The Plumbers filed a timely notice of appeal on September 5, 1986. Both appeals have been consolidated for our review.

## ISSUES PRESENTED

1. Whether the district court erred in denying appellants' first motion to compel compliance with the grievance and arbitration provisions of the collective bargaining agreement.

2. Whether the district court erred in imposing attorney's fees as a sanction under Fed.R.Civ.P. 11.

2. Paragraph 77 provides the following:
 Assignment of Work. The Underground Contractors Association of Northern California agrees that the individual contrators [sic] will make assignments of work covered by this agreement in accordance with the Jurisdictional Agreement between the Northern California

Pipe Trades Council and the Northern California District Council of Laborers and will abide by the decision of the Board of Arbitration of said Agreement. Failure to do so will constitute a violation of the collective bargaining agreement and will be subjected to the grievance procedure set forth in Article VI above.

## DISCUSSION

### I. THE DENIAL OF THE MOTION TO COMPEL ARBITRATION

#### A. *Standard of Review*

The denial of a motion to compel arbitration is reviewed de novo. *Lorber Indus. v. Los Angeles Printworks Corp.*, 803 F.2d 523, 524–25 (9th Cir.1986).

#### B. *Analysis*

■ The Plumbers contend that the district court exceeded its proper role of determining the arbitrability of grievances by substantively interpreting paragraph 77 of the collective bargaining agreement. The Plumbers rely on the basic principles of arbitration recently reiterated by the Supreme Court in *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). The Court recited the principle that the district court should not usurp the arbitrator's role of ruling on the merits of the underlying arbitrable claims. *Id.* 106 S.Ct. at 1419. However, the Court also noted that the district court has the duty to "interpret the agreement" and to determine "in the first instance whether the dispute [should] be resolved through arbitration." *Id.* at 1420. The arbitrator should not determine his or her own jurisdiction, therefore, *id.* at 1419–20, unless the collective bargaining agreement expressly provides that issues of arbitrability are to be decided by arbitration. *See United Food & Commercial Workers Union v. Lucky Stores, Inc.*, 806 F.2d 1385, 1386 (9th Cir.1986).

■ We do not dispute the Plumbers' argument that all claims on the merits—even if they appear frivolous—should be decided by the arbitrator. *See AT & T,* 106 S.Ct. at 1419. But the district court in this case did not address the merits of the underlying dispute over which the union should have received the Contractors' work assignment. The court merely examined the plain language of the contract to determine if the arbitrator had jurisdiction over the present dispute—*i.e.*, whether paragraph 77 required the Contractors to arbitrate in the absence of a valid work jurisdiction agreement between the Plumbers and Laborers. *See Actors' Equity Ass'n v. American Dinner Theatre Inst.*, 802 F.2d 1038, 1044 (8th Cir.1986) ("Although the arbitration clause itself may appear to order arbitration, other provisions of the contract may clearly and unambiguously negate or limit the applicability of the arbitration clause."). Consequently, if the work jurisdiction agreement had already been terminated prior to the time of the alleged violations, no arbitrable violation could have occurred. The Contractors could not have violated a nonexistent agreement.

Contrary to the Plumbers' assertions, therefore, the district court did not ignore the "presumption of arbitrability" that applies to grievances under collective bargaining agreements. *AT & T,* 106 S.Ct. at 1419. The district court merely determined that, until the dispute respecting the validity of the work jurisdiction agreement was resolved, there was no grievance to arbitrate under paragraph 77 of the collective bargaining agreement. As the Supreme Court noted in *AT & T,* " '[t]he duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty.' " *Id.* (quoting *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546–47, 84 S.Ct. 909, 912–13, 11 L.Ed.2d 898 (1964)).

■ The Plumbers also contest the district court's interpretation of contractual duties imposed on the parties by paragraph 77. They point to the two conjunctive phrases in paragraph 77 requiring that the Contractors "will make assignments of work covered by this agreement in accordance with the Jurisdictional Agreement between the [Plumbers] and the [Laborers] *and* will abide by the decision of the Board of Arbitration of said Agreement." (Emphasis added). The Plumbers argue that these two conjunctive phrases do not have to be read together. According to their theory, by ignoring the second phrase, the contract can be interpreted as incorporating the work jurisdiction agreement by reference. Consequently, the Plumbers sub-

mit, even after the arbitrator decided that the work jurisdiction agreement was terminated, the agreement nonetheless survives as part of paragraph 77, and the Contractors thus remain bound by its terms. We find this argument to be a disingenuous attempt to rewrite the Contractors' obligations under the collective bargaining agreement. The Plumbers cannot edit the second half of the sentence out of the contract so as to excuse themselves from abiding by the arbitrator's decision that the work jurisdiction agreement was no longer in existence after July 19, 1985.

█ The Plumbers' reliance on cases holding that arbitration clauses may survive the termination of a contract is also misplaced. *See Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 254–55, 97 S.Ct. 1067, 1073–74, 51 L.Ed.2d 300 (1977); and *Local Joint Executive Bd. v. Royal Center, Inc.,* 796 F.2d 1159, 1161–62 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 881, 93 L.Ed.2d 835 (1987). These cases merely acknowledge that, under certain circumstances (*e.g.,* severance pay disputes), the duty to arbitrate may survive the termination of a collective bargaining agreement. In this case, a different agreement—the work jurisdiction agreement—was terminated. The arbitration clause of the collective bargaining agreement survived intact, but once the work jurisdiction agreement was terminated, nothing remained to trigger the arbitration mechanism of paragraph 77. The district court, therefore, neither exceeded its proper role nor erred in concluding that arbitration was premature until the arbitrator ruled on the alleged termination of the work jurisdiction contract.

Although the district court did not know the ultimate ruling that the arbitrator would make on June 12, 1986 when it denied the first motion to compel arbitration as premature, we now have the benefit of knowing that decision. Accordingly, the jurisdictional agreement was no longer in existence at the time the Contractors made the alleged incorrect work assignments to the Laborers. Because the Contractors were required under paragraph 77 to abide by decisions of the Board of Arbitration of the Plumbers'/Laborers' work jurisdiction agreement, we dismiss the Plumbers' appeal from the denial of their first motion to compel arbitration as moot.

## II. RULE 11 SANCTIONS

### A. *Standard of Review*

Our review of Rule 11[3] sanctions may require three distinct inquiries. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986). First, we review de novo the legal question whether specific conduct violated Rule 11. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986). Second, we review any disputed findings of fact for clear error. *Id.* Third, we review the appropriateness of the sanction the district court imposed for an abuse of discretion. *Id.*

In addition, in interpreting the 1983 amendments to Rule 11, this circuit has adopted an objective good faith standard of " 'reasonableness under the circumstances' " in appraising the party's "good faith belief" in the merit of a legal argument. *Zaldivar,* 780 F.2d at 829–31 (quoting Fed. R.Civ.P. 11 advisory committee's note); *see also Zuniga v. United Can Co.,* 812 F.2d 443, 452 (9th Cir.1987) (noting that the 1983 amendments rejected the subjective bad

---

3. Fed.R.Civ.P. 11 provides in pertinent part:
The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

faith standard for Rule 11 sanctions.) If the court concludes that Rule 11 has been violated, sanctions are mandatory. Fed.R. Civ.P. 11; *Huettig & Schromm, Inc. v. Landscape Contractors Council,* 790 F.2d 1421, 1426 (9th Cir.1986).

## B. *Analysis*

The district court based its award of sanctions on three factors:

1. The Plumbers brought the second motion to compel arbitration after filing an appeal from the denial of the first motion;

2. The Plumbers' second motion to compel arbitration was based on the same underlying dispute as the first motion; and

3. In its second motion and accompanying points and authorities, the Plumbers displayed a lack of candor by failing to mention their first motion, the appeal from that motion, and the Plumbers'/Laborers' dispute respecting the work jurisdiction agreement.

We reach only the first two factors.

### 1. *Lack of Jurisdiction*

■ The Plumbers do not contest the district court's holding that it lacked jurisdiction to consider the second motion to compel arbitration because the pending appeal of the first motion divested the trial court's jurisdiction. *See Ruby v. Secretary of United States Navy,* 365 F.2d 385, 388 (9th Cir.1966) (proper notice of appeal transfers jurisdiction from district court to court of appeals), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967). But they argue that because the district court characterized the first motion as "premature," they had an objectively reasonable belief that the first order was interlocutory in nature and that the court still retained jurisdiction over their petition.

■ We find the Plumbers' argument regarding the court's jurisdiction to be unpersuasive. The Plumbers initially filed a petition for an order compelling compliance with grievance and arbitration procedures, then filed a motion for relief on the petition. In light of the arbitration pending between the Plumbers and Laborers, the district court denied the Plumber's motion as "premature at this time." Because the court apparently never dismissed the petition, the Plumbers then filed their second motion under the same docket number. However, while the district court may have technically retained jurisdiction over the petition, the Plumbers' appeal from the district court's first order clearly divested that court of jurisdiction over the subject matter of the Plumbers' first motion. Because we conclude below that the Plumbers' second motion was a transparent attempt to relitigate the paragraph 77 issue raised by their first motion, then on appeal, we reject the Plumbers' contention that they believed in good faith that the district court had jurisdiction to consider the subject matter of the second motion.

### 2. *Duplicitousness of Plumbers' Second Motion*

The Plumbers contend that their second motion was not duplicitous of the first motion because it was based on violations of sections of the collective bargaining agreement other than paragraph 77. For the reasons discussed below, we are unpersuaded by this contention.

In their appellate brief, the Plumbers explain that their first motion was intended to be a general grievance against the Contractors' assignments of certain work to the Laborers. They allegedly selected two particular grievances, citing paragraph 77 as representative of the Contractors' violations. The Plumbers criticize the district court for narrowly viewing their motion as limited to paragraph 77 simply because that paragraph "happened to be cited by the Union." Appellant's Opening Brief at 21. We find this criticism unsound. In the first motion and accompanying points and authorities, the only "issues to be arbitrated" identified by the Plumbers were the Contractors' "alleged violations of paragraph 77." Appellants' Excerpts of Record ["ER"] at 11. The two attached exhibits cite only violations of paragraph 77. *Id.* at 29-A; 29-B. And in their reply to the Contractors' opposition, the Plumbers state

that "the [local plumbers'] unions have alleged that certain employer members of [the Contractors] had violated Paragraph 77 of the collective bargaining agreement." *Id.* at 95. We think that the district court's conclusion that the motion was based on paragraph 77 was not only reasonable, but also inescapable.

The Plumbers insist that they filed the second motion and based it on different sections of the collective bargaining agreement because of the narrow interpretation the district court gave their first motion. The Plumbers' counsel conceded to this court at oral argument that the second motion addressed the same underlying dispute over work assignments to the Laborers, but contended that the "legal issue" was distinct because they now sought to compel arbitration on the basis of different parts of the contract. We disagree. While the Plumbers purport to base the second motion on the Contractors' "violations of Articles I, III and VIII of the collective bargaining agreement," the exhibits attached to their points and authorities make it clear that the references to new sections and new violations at different jobsites are essentially renewed charges against the Contractors for their ongoing failure to assign pipe installations to the Plumbers instead of the Laborers. In fact, Article VIII includes paragraph 77.

In addition, declarations of the two contractors charged with violations in the second motion reveal that the Plumbers were objecting to work assignments given to the Laborers to install 24–inch and 48–inch pipes. We conclude that the new charges were merely different instances stemming from the same underlying dispute respecting whether the Contractors were bound by the terms of the work jurisdiction agreement pending arbitration of its alleged termination—a dispute that the district court had already ruled on in its first order.

The Plumbers argue that although Article VIII of the contract includes paragraph 77, their second motion confined itself to the Contractor's alleged violation of paragraph 76 of Article VIII.[4] However, paragraph 76 incorporates the work assignment restrictions of paragraph 77 by reference. Therefore, the contention made by the Plumbers' counsel to this court at oral argument that the sections cited in the second motion have nothing to do with paragraph 77 was incorrect and misleading. The duplicitous nature of the two motions is also reflected by the fact that both motions and accompanying points and authorities are virtually identical. The only significant variation in the second points and authorities is the substitution of "Articles I, III and VIII" in place of "Paragraph 77". We find the Plumbers' arguments that the two motions were distinct to be frivolous.

### 3. *Lack of Candor*

We need not consider whether sanctions were appropriate based on a violation of a duty of candor. *See Golden Eagle*, 801 F.2d at 1539 and n. 3. Because sanctions are mandatory for violations of Rule 11, we uphold the award of sanctions based on the obvious jurisdictional barrier, and the duplicitous and unsound second motion.

### CONCLUSION

In light of the arbitrator's ruling that the Plumbers'/Laborers' work jurisdiction agreement terminated prior to the Contractors' alleged violations, we dismiss as moot the Plumbers' appeal from the denial of their first motion to compel arbitration.

We affirm the district court's imposition of Rule 11 sanctions. Costs are awarded to the appellee.

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

4. Paragraph 76 states in pertinent part:
 None of the work covered by this Agreement ... shall be subcontracted by any Individual Employer except to a subcontractor who agrees to be bound by and comply with the terms and conditions of this Agreement.