NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE LOCAL 30, | No. 16-55528 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01670-MMA-WVG |
| v. | |
| VOLUME SERVICES, INC., DBA CENTERPLATE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: CALLAHAN and BEA, Circuit Judges, and WHALEY,** District Judge.

Unite Here Local 30 (the "Union") appeals from the district court's

dismissal of its action against Volume Services, Inc., d/b/a Centerplate, Inc., under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

the Labor Management Relations Act, seeking to compel arbitration of a grievance concerning the termination of a union member.

The denial of a motion to compel arbitration is reviewed de novo. *Pipe Trades Council of N. Cal., U.A. Local 159 v. Underground Contractors Ass'n of N. Cal.*, 835 F.2d 1275, 1278 (9th Cir. 1987).

1.      On a motion to compel arbitration, the courts have the duty to determine whether the agreement requires the parties to arbitrate a particular grievance. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–50 (1986) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83 (1960)). "Although the arbitration clause itself may appear to order arbitration, other provisions of the contract may clearly and unambiguously negate or limit the applicability of the arbitration clause." *Pipe Trades Council of N. Cal., U.A. Local 159*, 835 F.2d at 1278 (citation omitted).

Here, although the Collective Bargaining Agreement (the "CBA") provides for arbitration, it does not require arbitration of all disputes, only those disputes that are not resolved through one of the other dispute resolution processes outlined in the CBA. The CBA provides the option of either mediation or arbitration to resolve a dispute between the parties. As such, mediation is not a procedural step in the grievance process the parties must fulfill in order to continue to arbitration; rather, it is an alternative process through which the parties may settle the dispute.

2

The court is required to determine whether the arbitration agreement encompasses the dispute or whether the mediation of the dispute has removed the grievance from the scope of the arbitration agreement. Thus, it was proper for the district court to determine whether the parties' mediation precluded arbitration.

2.     While the CBA allows the parties to elect mediation rather than arbitration on a case by case basis to settle a dispute, the CBA clearly states: "[t]he Mediator shall render a [] decision" and "[a]ll decisions of the Mediator shall be binding." Simply stated, once the parties have elected mediation, the mediation is binding. Moreover, the CBA states, "[i]n the event that the Federal or State Mediator has reasonable doubt based upon the evidence heard, he or she shall abstain from making a decision, and then either party may submit [the] issue in dispute to an impartial arbitrator." In other words, once the parties have chosen mediation the parties may continue to arbitration only when the mediator abstains from entering a mediation decision because the mediator had reasonable doubt the evidence drove a particular decision.

Here, the parties clearly selected a mediator and voluntarily chose to proceed to mediation. After the mediation, pursuant to the CBA, the mediator did not abstain on account of reasonable doubt as to the evidence. Rather, the mediator made and issued a decision regarding the underlying grievance. The decision is specific, detailed, and clearly intended to cover the underlying dispute.

3

The oral statement made by the Union representative just before mediation began, that the Union wanted the mediation to be non-binding, is rejected as it conflicts with the unambiguous written terms of the CBA. There is no mention or indication of a procedure in which nonbinding mediation can be utilized, nor is there an option for one party unilaterally to render a binding mediation nonbinding; rather, the plain language of the CBA is clear that mediation is binding. Under the parol evidence rule, extrinsic evidence offered to vary or contradict the provision's clear meaning may not be considered by the court. *See Int'l Bhd. of Teamsters, Local No. 839 v. Morrison-Knudsen Co.*, 270 F.2d 530, 536 (9th Cir. 1959) (parol evidence may not be used to vary the unambiguous terms of a written contract); *see also NLRB v. Int'l Bhd. of Elec. Workers, Local 11,* 772 F.2d 571, 575 (9th Cir. 1985) (where contractual provisions are unambiguous, extrinsic evidence need not be considered, and parol evidence is therefore not only unnecessary but irrelevant).

Pursuant to the CBA, the parties voluntarily selected the option to mediate the dispute, the mediator issued a decision, and the decision by the mediator is binding. The dispute was thus resolved, and no grievance remains that would be subject to arbitration. The district court did not err in concluding that the CBA does not require arbitration of the grievance because the mediator issued a decision that is final and binding on the parties.

**AFFIRMED.**

4



*Unite Here Local 30 v. Volume Services, Inc.*, No. 16-55528

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that it was proper for the district court to determine whether the parties' mediation precluded arbitration of the grievance. However, I would vacate the district court's decision and remand for further proceedings because the CBA is reasonably susceptible to the interpretation offered by the Union. Although the CBA defines a mediation procedure that results in a binding decision by the mediator, the provision does not preclude the parties from informally resolving the grievance through a negotiated settlement or from engaging a neutral to help facilitate such a settlement (i.e., "mediation" as it is traditionally understood). Section 25(d) of the CBA states that the mediation procedure described therein "shall be used on a case by case basis if mutually agreed to by the Employer and the Union." The statement by the Union representative at the outset of the parties' mediation that the Union was not agreeing to binding mediation raises a fact question as to whether the parties in fact "mutually agreed" to the mediation procedure described in Section 25(d).

I respectfully dissent.