**Joy SWITZER and Donald Switzer, Plaintiffs–Appellants,**

v.

**Robert GIRON, Defendant,**

**and Concerning Roberto Giron, Appellee.**

**No. 91CA2102.**

Colorado Court of Appeals, Div. II.

Jan. 28, 1993.

Rehearing Denied April 1, 1993.

Zuckerman & Kleinman, P.C., James S. Miller, Denver, for plaintiffs-appellants.

No appearance for defendant.

Al S. Cabral, Denver, for appellee.

Opinion by Judge RULAND.

Plaintiffs, Joy and Donald Switzer, appeal the order of the trial court awarding attorney fees to Roberto Giron as a sanction under C.R.C.P. 11. We affirm.

In February 1990, Joy Switzer was involved in a collision with a vehicle driven by a person who identified himself as Robert Giron. Joy Switzer subsequently retained her former attorney to represent plaintiffs in an action against the other driver.

Plaintiffs' then attorney was initially unable to effect service of process because the other driver had provided Switzer with a false address. As a result, the attorney consulted a telephone directory and discovered that Roberto Giron was the closest match to "Robert Giron."

The attorney placed a call to the number listed in the directory and learned where Roberto Giron worked. Joy Switzer and her attorney then went to his place of employment to determine whether he was the party involved in the accident. After observing Roberto Giron for a period of time, Switzer told her attorney that she was "uncertain as to whether this was the same person."

Based on this limited investigation, plaintiffs filed a complaint against "Robert Giron," and served Roberto Giron as the driver of the second car. Following service of the summons, Roberto Giron informed plaintiffs' attorney that he was not involved in the accident, and he also furnished a statement from his employer indicating that he was at work on the date and at the time of the accident. Nevertheless, plaintiffs deposed Roberto Giron. He again denied involvement in the accident, and plaintiffs therefore requested, and the

court granted, a dismissal of their claims against him.

Roberto Giron thereafter requested an award of attorney fees against plaintiffs under C.R.C.P. 11. Based upon the briefs submitted by the parties, the trial court concluded that plaintiffs had not conducted an adequate inquiry before filing their complaint, and it therefore granted the motion.

On appeal, plaintiffs' appellate counsel contend the trial court abused its discretion in concluding that they had violated C.R.C.P. 11 by failing to conduct an adequate investigation to identify the proper defendant before filing suit. We disagree.

As pertinent here, under C.R.C.P. 11, the signature of an attorney or a litigant on a pleading serves as a certification that there has been a reasonable inquiry into the facts and the law before a pleading was filed and that, based upon this investigation, the signer reasonably believes the pleading is "well-grounded in fact." *See Henry v. Kemp*, 829 P.2d 505 (Colo.App.1992).

In this case, the complaint was not verified by plaintiffs. As a result, it was necessary for the trial court to consider other conduct by plaintiffs in determining whether an award of fees was appropriate. *See Maul v. Shaw*, 843 P.2d 139 (Colo.App. 1992).

The appellate courts in this state have not had occasion to consider the nature of a party's pre-filing conduct which may warrant imposition of sanctions under C.R.C.P. 11. Thus, it is appropriate to consider federal cases construing Fed.R.Civ.P. 11 as instructive. *See Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

In this regard, the necessity for determining that one is filing suit against the correct defendant has been characterized as "the most basic factual inquiry in any lawsuit." *Callahan v. Schoppe*, 864 F.2d 44, 46–47 (5th Cir.1989). Conversely, absent circumstances not present here, filing suit in order to employ discovery as the means of determining whether a claim exists is one of the practices which Fed. R.Civ.P. 11 was adopted to sanction. *See Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir.1987); *see*

*also Vista Manufacturing, Inc. v. Trac–4, Inc.*, 131 F.R.D. 134 (N.D.Ind.1990) (the requirement of pre-filing factual inquiry is designed to prevent parties from suing first and learning later whether they have a case).

■ Here, plaintiffs could not confirm by visual observation that Roberto Giron was in fact the other driver, and thus, we are not concerned with an issue of good faith mistaken identity. Conversely, the record fails to indicate that plaintiffs were somehow prevented by the circumstances of the case from conducting additional investigation, including inquiry of Roberto Giron to establish whether they were suing the correct party. Indeed, in their response to the motion for sanctions, plaintiffs admitted that they "decided to serve suit papers on the defendant Giron, take his deposition, and thus determine whether or not he was the Robert Giron involved in the collision."

Under these circumstances, we conclude that the trial court did not abuse its discretion in awarding fees to Roberto Giron under C.R.C.P. 11. *See Callahan v. Schoppe, supra.*

We also reject plaintiffs' contention that the trial court was precluded from imposing sanctions by the language in C.R.C.P. 11 which shields a litigant who voluntarily dismisses a claim within a reasonable time after learning that the claim cannot succeed.

■ The standard established by C.R.C.P. 11 focuses on what should have been done before a pleading was filed. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). And, we cannot say that a trial court abuses its discretion in declining to apply this provision of the rule when, as here, a party is notified prior to the initiation of discovery that the wrong party opponent has been named. *See Callahan v. Schoppe, supra.*

In his answer brief, Roberto Giron asserts that this appeal is frivolous, and he therefore requests an award of the attor-

ney fees incurred in defending the trial court's order. We conclude, however, that the appeal is not frivolous. *See Schmidt Construction Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo.App.1991).

The order is affirmed.

PIERCE and REED, JJ., concur.