[No. 38155.    Department Two.    January 19, 1967.]

VIEWCREST COOPERATIVE ASSOCIATION, INC., *Respondent*, v. G. E. DEER, *et al.*, *Appellants.**

*William S. Howard,* for appellants.

*Daniel B. Ritter* (of *Howe, Davis, Riese & Jones*), for respondent.

*Reported in 422 P.2d 832.

BARNETT, J.†—Defendants Deer appeal from an adverse judgment rendered against them in the amount of $5,065.84 plus interest and costs based upon a determination that they are constructive trustees for the plaintiff's benefit to that extent.

In February of 1960, one A. A. Hunt, a Seattle realtor, promoted and organized the Viewcrest Cooperative Association, Inc., plaintiff (respondent), which became engaged in the sale of apartment house units. The corporate business was managed by Hunt until his removal in January of 1962. To effect the management of Viewcrest's financial affairs, Hunt opened a bank account, designated the "Hunt Realty V.C. Account" for and on behalf of the corporation.

In May of 1960, one Mairee Flynn, a friend and business associate of Hunt, became indebted to Dr. G. E. Deer (who will be referred to as if he were the sole defendant), in the amount of $10,000, which was evidenced by a 90-day promissory note. The debt fell due, and Mrs. Flynn found herself unable to pay. On August 30, 1960, Hunt drew a $5,000 check on the Hunt Realty V.C. Account and delivered it to defendant Deer in partial payment of the indebtedness owed Deer by Mrs. Flynn. It is undisputed that the check was drawn on funds rightly belonging to plaintiff Viewcrest.

Several lawsuits arose out of alleged acts of mismanagement by Hunt, perpetrated by him while he was in a position to control plaintiff's financial affairs. An original complaint in this action was filed against Deer in November, 1962, which was amended in February, 1963. On March 30, 1964, plaintiff moved to again amend its complaint to include the cause of action now before us, which is unrelated to the causes pleaded prior thereto. The second amended complaint, seeking relief in equity, prayed for the imposition of a constructive trust upon defendant Deer for the amount received as the result of Hunt's wrongful transfer of the misappropriated funds.

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The trial court found for the plaintiff and entered judgment on its behalf in the amount of $5,065.84 plus interest and costs. From this judgment defendants appeal.

Four of defendant's five assignments of error are directed toward the findings of fact—particularly finding of fact No. 7, which follows—and the conclusion based thereon that defendant was a constructive trustee for the benefit of plaintiff in the amount of $5,000.

> On or about August 30, 1960, the defendant G. E. Deer wrongfully received from A. A. Hunt a check in the amount of $5,000.00. The defendant G. E. Deer cashed this check and kept the proceeds or applied them to his own uses. This check was drawn on an account, all funds in which were trust funds of plaintiff. In thus disbursing plaintiff's trust funds to the defendant G. E. Deer, A. A. Hunt acted without authority from plaintiff, committed a breach of his fiduciary duty to plaintiff, and perpetrated a fraud upon plaintiff. The defendant G. E. Deer furnished plaintiff no consideration for said $5,000.00. The totality of circumstances surrounding the aforesaid payment to G. E. Deer requires a finding that G. E. Deer is a constructive trustee for the benefit of plaintiff. Despite demand from plaintiff, the defendant G. E. Deer has at all times refused to return said $5,000.00 to plaintiff. Finding of fact No. 7.

The trial court's imposition of a constructive trust upon defendant was clearly based upon its finding that his donor, Hunt, plaintiff's admitted fiduciary agent, had breached the duty owed plaintiff by misappropriating its funds and disbursing them, for no consideration, to defendant. It is a well settled principle of law that, where a fiduciary has misappropriated property belonging to his beneficiary and transfers it to a third person, the latter, unless a bona fide purchaser for value, holds the property as constructive trustee for the beneficiary. 90 C.J.S. *Trusts* § 434 (1955); 54 Am. Jur. *Trusts* § 254 (1945); Restatement, Restitution § 201(1) (1937); 4 Scott, Trusts § 506 (2d ed. 1956). See also Restatement (Second), Agency § 314 (1958); and Restatement (Second), Trusts § 289 (1959). Defendant does not dispute the principle of law just stated.

Rather, he contends that finding of fact No. 7 was erroneous because included within it was a specific finding that Hunt had "perpetrated a fraud upon plaintiff," which finding was beyond the court's power to make for the reason that Viewcrest, in its complaint, failed to allege fraud with particularity as required by Rule of Pleading, Practice and Procedure 9(b), RCW vol. 0. This argument cannot prevail.

■  It is not required, in order to impose a constructive trust, that the plaintiff must prove that he was deprived of his property through acts constituting actionable fraud. We adopted the following rule from 4 Pomeroy, Equity Jurisprudence § 1053 as early as 1895 in *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270, and reiterated it as recently as 1961 in *Bangasser & Associates, Inc. v. Hedges,* 58 Wn.2d 514, 516, 364 P.2d 237:

> " 'In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, *taking advantage of one's weakness or necessities,* or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same; . . . and a court of equity has jurisdiction to reach the property either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right . . . .' "

This court has often held that a constructive trust was a proper remedy upon factual situations which constituted something less than actionable fraud. See, *In re Yiatchos' Estate,* 60 Wn.2d 179, 373 P.2d 125 (1962); *Watkins v. Gorlick,* 52 Wn.2d 95, 323 P.2d 649 (1958); *Kausky v. Kosten,* 27 Wn.2d 721, 179 P.2d 950 (1947); *Dexter Horton Bldg. Co. v. King Cy.,* 10 Wn.2d 186, 116 P.2d 507 (1941); and *Seventh Elect Church in Israel v. First Seattle Dexter Horton Nat'l Bank,* 162 Wash. 437, 299 Pac. 359 (1931).

Furthermore, it is patently obvious that the trial court used the word "fraud" in finding of fact No. 7 in its broadest sense, as meaning inequitable or unconscionable conduct on the part of Hunt. To give it its narrow meaning—an actionable fraudulent misrepresentation—would be to fly in the face of the undisputed facts, which evidence, not a misrepresentation by Hunt, but an out-and-out misappropriation of plaintiff's funds. Defendant's contention that a finding of "fraud" could not have been made is without merit.

Defendant next contends that the evidence of Hunt's alleged defalcation is insufficient to support a finding to that effect, not being clear, cogent and convincing. A review of the record convinces us that the finding is sufficiently supported by the evidence.

Defendant's last assignment of error raises an issue of the statute of limitations. Although we are of the opinion that defendant's assignment of error does not adequately present the issue to us, we choose to resolve it upon its merits. In the view of defendant, the statute began to run on August 30, 1960, when the check drawn on plaintiff's account was transferred to defendant by Hunt. Because plaintiff's motion to amend its complaint so as to include the allegations concerning the misappropriation and transfer of the funds did not occur until March 20, 1964, more than 3 years thereafter, argues defendant, a cause of action seeking recovery from him on a constructive trust theory was barred by the applicable statute of limitations. RCW 4.16.080 provides, in part:

Within three years:

. . . .

(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;

(4) An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have

accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . . .

■ We agree with plaintiff that the case at bar is governed by subsection (4) of the statute, being an action "upon the ground of fraud." When an agent violates his fiduciary duty by fraudulently misappropriating the funds of his principal, then an action to recover the funds is grounded upon fraud within the meaning of the statute of limitations. *Stearns v. Hochbrunn,* 24 Wash. 206, 64 Pac. 165 (1901). The record contains no evidence that the officers of plaintiff corporation discovered the facts constituting Hunt's fraudulent conduct, or by the exercise of reasonable diligence could have discovered these facts, before December of 1961, at which time, according to the uncontradicted testimony of Viewcrest's president, it was first suspected that Hunt had mismanaged the financial affairs of the corporation. The second amended complaint having been filed within 3 years of that time, the action was not barred by the statute of limitations.

Judgment affirmed.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.