[No. 9205-4-III.   Division Three.   March 30, 1989.]

JOYCE H. COOPER, ET AL, *Plaintiffs,* v. VIKING VENTURES, *Appellant,* SKYLINE CORPORATION, *Respondent.*

*Jeffory Adams* and *Murray, Dunham & Murray,* for appellant.

*William R. Hickman* and *Jean M. Johnson* (of *Reed, McClure, Moceri, Thonn & Moriarty*), for respondent.

MUNSON, A.C.J.—Viking Ventures appeals the imposition of sanctions under CR 11 for its refusal to sign an order dismissing its claims against Skyline Corporation and Homette Corporation upon the Coopers' settlement with those corporations. Viking contends the court erred in imposing sanctions because: (1) the proposed dismissal of its claims was made without bringing a motion to dismiss but by noting up presentment of an order dismissing all claims in this case; and (2) CR 11 does not allow for the imposition of sanctions under these facts. We affirm.

Joyce and William Cooper filed a product liability claim against Viking on July 29, 1986. The Coopers alleged Joyce Cooper suffered bodily injury due to a defective electrical system in a mobile home purchased from Viking. Viking denied liability and impleaded Skyline, the manufacturer of the mobile home, as a third party defendant contending it was liable to Viking for indemnity and/or contribution. The Coopers filed a cross claim against Skyline and also amended their complaint to add Homette Corporation, a wholly owned subsidiary of Skyline, as an additional defendant.

During the autumn of 1987, the Coopers engaged in settlement discussions addressed jointly to counsel for Skyline and Viking. Viking refused to participate in the negotiations and Skyline informed Viking that it would pursue

settlement without it. On December 11, the Coopers settled the claims they had with Skyline and Homette. Viking was notified of the settlement and was provided a proposed order dismissing all claims against Skyline and Homette including Viking's claims for contribution and indemnity. Viking rejected the proposed order and continued to pursue its indemnity and/or contribution claims.[1]

On January 8, 1988, Skyline and Homette gave notice of the settlement. The Coopers gave notice that they would present an order dismissing Skyline and Homette at a hearing scheduled for January 15; however, compliance with the local court rule was not met.[2] On January 15, the court granted Viking's request for additional time to do further research and respond to Skyline's memorandum of authority. Viking did not file a response but did file a motion for summary judgment seeking dismissal of the Coopers' claim against it.

At a second hearing on January 29, the court entered an order dismissing all claims against Skyline and Homette. The court also granted Viking's motion for summary judgment. The court further imposed sanctions against Viking and awarded Skyline and Homette $1,750 for fees and costs incurred. Viking moved for reconsideration but that motion was denied.

Viking asserts that a defendant who claims contribution and indemnity claims against a manufacturer in a products liability action cannot be subject to sanctions under CR 11

---

[1]At oral argument before this court, Viking contended it would not agree to the dismissal because the Coopers' claim against it was not to be dismissed.

[2]Yakima County Local Rule 7(b)(1)(A) provides in part:
"Note for Motion Docket
"(i) Any attorney desiring to bring any issue of law on for hearing shall file with the clerk and serve upon opposing counsel not later that five days prior to the day on which he desires it to be heard, a note for motion docket, . . .
"(ii) *Even though noted for hearing,* motions . . . will not be heard unless *counsel for the moving party advises the Court Administrator* by the *Wednesday* noon preceding the hearing that such motion will, in fact, be heard on the day and time set by the Court Administrator . . ." (Italics ours.) Counsel failed to notify the court administrator by Wednesday preceding the argument.

when he opposes an order dismissing all claims pursuant to the plaintiff's settlement with the manufacturer.

## I
### STANDARD OF REVIEW

■ The standard of review for a CR 11 violation is unclear in this state. Rule 11 sanctions in the federal court, however, have become commonplace. Since CR 11 is substantially similar to Fed. R. Civ. P. 11, this court may consider federal decisions in construing the state rule. *Harding v. Will*, 81 Wn.2d 132, 500 P.2d 91 (1972); *Miller v. Badgley*, 51 Wn. App. 285, 753 P.2d 530, *review denied*, 111 Wn.2d 1007 (1988). Unfortunately,

> [g]iven the inherent tension between the trial court's considerable discretion in ascertaining rule 11 violations and the mandatory nature of sanctions once a violation has been established, it is not surprising that the federal courts are split regarding the appropriate standard of review to apply to the trial court's decision to impose or deny sanctions. Some courts have adopted a 3-tiered approach that turns upon the aspect of the trial court's decision being reviewed: "(1) factual determinations are reviewed for clear error; (2) the legal conclusion that the facts establish a violation is reviewed de novo; and (3) the appropriateness of the sanction imposed is reviewed for an abuse of discretion." *United Energy Owners Comm., Inc. v. United States Energy Management Sys.*, 837 F.2d 356, 364 (9th Cir. 1988). Other courts have adopted an across-the-board abuse of discretion standard. *See generally Thomas v. Capital Sec. Servs.*, [836 F.2d 866, 871-73 (5th Cir. 1988)] and cases cited therein.

*Miller*, at 301. In *Miller*, the court declined to determine the appropriate standard of review having concluded there was a CR 11 violation as a matter of law.

■ We adopt the abuse of discretion standard. The federal rule as amended in 1983 is designed to confer wide latitude and discretion upon the trial judge to determine what sanctions are proper in a given case and to "reduce the reluctance of courts to impose sanctions". Fed. R. Civ. P. 11 advisory committee note, 97 F.R.D. 198 (1983). If a review

de novo was the proper standard of review, it could thwart these purposes; it could also have a chilling effect on the trial court's willingness to impose CR 11 sanctions. Furthermore, the trial judge is in the best position to monitor the daily proceedings in a case and should be afforded wide latitude. *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 873 (5th Cir. 1988); *Miller v. Badgley, supra; see also Wilson v. Henkle,* 45 Wn. App. 162, 724 P.2d 1069 (1986) (where the court reviewed CR 11 sanctions and apparently applied an abuse of discretion standard).

## II
### CR 11 VIOLATION

CR 11 provides:

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of a party or of an attorney constitutes a certificate by him that he has read the pleading, motion, or legal memorandum; that to the best of his knowledge, information, and belief, formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

In this case, the record establishes the Coopers gave notice of their proposed order of dismissal on January 4, 1988, and the hearing was originally set for January 15. The presentment complied with the time limits set forth in RCW 4.22.060 and CR 54(f)(2). At the January 15 hearing,

counsel for Viking argued he had not had enough time to respond to the proposed order. He also suggested a contractual liability for indemnity existed between Viking and Homette.[3] The court continued the hearing 2 weeks so Viking could brief the issue. Viking neither submitted any additional authority nor a contract. Rather, Viking filed a motion for summary judgment to dismiss the Coopers' claim against it.

■ Viking contends certain types of indemnification against a settling defendant survive despite RCW 4.22-.040(3), which abolishes the "common law right of indemnity between active and passive tort feasors". We disagree. Absent a contractual agreement between the parties, contribution and indemnity rights do not survive settlement. RCW 4.22.060; *Zamora v. Mobil Oil Corp.*, 104 Wn.2d 211, 704 P.2d 591 (1985); *Glover v. Tacoma Gen. Hosp.*, 98 Wn.2d 708, 658 P.2d 1230 (1983). Viking's assertion that these cases are distinguishable because it tendered its defense to Skyline is unfounded. Further, there may be a remote possibility not disclosed in the record that the Coopers had an independent claim for negligence for some conduct by Viking. In that event, Viking would not be entitled to contribution or indemnity from Skyline or Homette. Since Viking was dismissed on summary judgment, apparently no independent basis for negligence was shown.

The court found Viking's request and actions were dilatory, and its claims were unfounded in law or in fact. It stated:

> I think there is no contract, and I think that the records of this case clearly show that there is none, and that any discovery requested or undertaken is merely done for the purpose of delay and speculation, that there is the exhaustion of any possibility.
> For the reasons stated by Skyline and Homette and counsel, Ms. Johnson, which I adopt as my own, and

---

[3]During the previous year, Viking had never made such a claim in its pleadings or sought discovery of a contract.

assuming that the settlement was reasonable—which I must do because there has been no objection to it of any kind—*Zamora* and *Glover,* the statutes, RCW 4.22.040 and 4.22.060, require the dismissal of Viking's claims for indemnity and contribution, claims which were asserted in the original pleadings, the cross–complaint, and which may be attacked by motion or in any other manner which presents the issues to the court and counsel, which the defendant sufficiently did.

Consequently, the claims of Viking for indemnity and contribution are dismissed, and Viking's motion to amend to include Homette is denied.

I think that it is so clear that that is the situation to which Rule 11 applies and that your claims are frivolous and that terms are justified, and I will allow terms.

The trial court was correct in its analysis that Viking's continued claims to indemnity and contribution were invalid. Given this interpretation and the lack of any evidence of a contractual relationship, imposition of sanctions under CR 11 was not an abuse of discretion.

Viking's argument that the first hearing would have been continued in any event is not well taken. Had it not been for Viking's objection to dismissal of its claims for contribution and indemnity and the assertion of a nonexistent contract, an agreed order could have been entered. Viking need not have appeared at all. In all likelihood, under those circumstances, the court would have waived the technical application of the local rule.

Skyline's request for attorney fees on appeal is denied, given the standard of review is an issue of first impression in this state.

The judgment is affirmed.

GREEN and SHIELDS, JJ., concur.