# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HEATHER J.E.L. BENEDICT, | No. 56863-2-II |
| Appellant, | (Consolidated with No. 58080-2-II) |
| v. | |
| KITSAP BANK, a Washington State chartered bank, and F. HUNTER MACDONALD, an individual. | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — Heather J.E.L. Benedict appeals the superior court's order granting F. Hunter MacDonald's motions to strike and for CR 11 sanctions. Benedict argues that the superior court erred by (1) granting the motions during a pending appeal, (2) restricting her access to Pierce County's LINX filing system, (3) permitting the destruction of court records, (4) compelling Benedict to hire an attorney, (5) requiring Benedict to disclose her residential address to the court, (6) converting a non-oral argument hearing to an oral argument hearing without notice, and (7) failing to comply with the Uniform Correction or Clarification of Defamation Act, chapter 7.96 RCW.

We affirm but remand to the superior court to modify its order consistent with this opinion.

## FACTS

Benedict has been involved in a long pattern of frivolous and vexatious litigation regarding her deceased mother's estate. *Heather J.E.L. Benedict v. Kitsap Bank*, No. 54483-1-II, slip op.

No. 56863-2-II
(Consolidated with No. 58080-2-II)

at 1 (Wash. Ct. App. Jul. 26, 2022).[1]  In 2019, Benedict filed a defamation complaint against Kitsap Bank, her deceased mother's bank, and MacDonald, her father's attorney.  *Benedict*, slip op. at 1. The superior court dismissed Benedict's complaint in October 2020 and entered a judgment, which imposed sanctions against her for filing a complaint that lacked factual or legal basis in violation of CR 11.  *Benedict*, slip op. at 1-2.  Benedict appealed the 2020 judgment, and this court affirmed. *Benedict*, slip op. at 2-3.

In the 2020 judgment, the superior court had ordered that Benedict was "'precluded from filing any future pleadings in this action, other than documents relating to an appeal . . . .'"  Clerk's Papers (CP) at 7 (boldface omitted).  Yet, despite the superior court's order, Benedict filed 29 pleadings that were unrelated to the appeal that was then pending before this court.  MacDonald filed a motion to strike and a motion for CR 11 sanctions.  The superior court ordered the parties to appear for oral argument on the motions, but Benedict failed to appear.

On March 11, 2022, following the hearing, the superior court entered an order granting MacDonald's motions (March 2022 Order).  In the March 2022 Order, the superior court found that Benedict's filings were "in violation of the Court's October 9, 2020 Judgment and were submitted for the purpose of harassment, embarrassment, and increasing the cost of litigation," and "establish[ed] a continued pattern of vexatious and frivolous litigation by [Benedict], as well as an abuse of Pierce County's LINX system."  CP at 8.  The superior court also found that Benedict admitted to using a method of accessing LINX that was not approved by the superior court.

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2054483-1-II%20Unpublished%20Opinion.pdf.

2

In addition, the superior court found that when the superior court's judicial assistant emailed the parties to inform them that the superior court wanted to hear oral argument on MacDonald's motions, Benedict "replied to the judicial assistant with threats and derogatory comments, and requested that [the judicial assistant] not contact her any further . . . ." CP at 8. The superior court found that Benedict's response was unreasonable and inappropriate. Further, Benedict filed a response to MacDonald's motion in LINX, which she entitled "Response to Creepy MacDonald's Motion." CP at 9. The superior court found Benedict's "characterization of Defendant MacDonald was unnecessary, unreasonable, and an inappropriate use of the LINX system." CP at 9.

Not only did the March 2022 Order grant MacDonald's motion to strike, it also included the following specific provisions:

3.      The Clerk is ordered to strike from the LINX case file all of the documents listed in Paragraph 4 of this order.

4.      The Clerk is ordered to amend the LINX title of the document filed by [Benedict] on March 8, 2022, to "Response to MacDonald's Motion."

5.      The Clerk is ordered to close [Benedict's] LINX account(s) and not accept any future requests from [Benedict] to open a LINX account.

6.      [Benedict] is prohibited from using the LINX system to file or serve documents in this or any other Pierce County matter, either using her own account or the account of another person, unless that person is a licensed Washington attorney who is actively representing [Benedict]. [Benedict] is prohibited from using any "backdoor" method of accessing the LINX system.

7.      [Benedict] is prohibited from filing any documents in this matter other than a notice of appeal and a motion for an order of indigency (with a supporting financial declaration signed under penalty of perjury). [Benedict] is required to file hard copies of these documents at the Pierce County Clerk's Office.

3

. . . .

9.      The judicial assistant is relieved of any obligation to send email notices to [Benedict] relating to hearings in this matter.  Because all further correspondence with [Benedict] will be through U.S. mail, [Benedict] is required to keep her current residential address on file with the Court Clerk for purpose of receiving service of notices in this matter.

CP at 9-10 (boldface omitted).  The order also imposed $1,000 of sanctions against Benedict.

Benedict appeals the March 2022 Order.[2]

## ANALYSIS

Benedict raises numerous challenges to the March 2022 Order.  First, Benedict argues that the superior court acted prematurely and in violation of RAP 7.2 by entering an order while the appeal of the October 2020 judgment was pending.  Benedict is incorrect.  Under RAP 7.2(e), the superior court retains authority to hear and decide postjudgment motions that are authorized by the civil rules.  MacDonald's motions to strike and for sanctions were brought in response to Benedict's motion to vacate.  A motion to vacate is a postjudgment motion authorized by CR 60.  Accordingly, the superior court retained authority to enter the March 2022 Order despite the pending appeal of the October 2020 judgment.

Second, Benedict argues that the superior court unlawfully restricted her access to LINX and violated her right to use LINX as a resource.  We review a superior court's order on sanctions for an abuse of discretion.  *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d

---

[2] The record on appeal is scant, primarily consisting of the superior court's March 2022 Order. The March 2022 Order contains findings of fact that Benedict did not assign error to and, therefore, are considered verities on appeal.  *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 174 (2004). Accordingly, the facts presented above are based on the unchallenged findings made by the superior court.

299, 338, 858 P.2d 1054 (1993). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." *Id.* at 339. "[T]he sanction rules are 'designed to confer wide latitude and discretion upon the [superior court] to determine what sanctions are proper in a given case . . . .' " *Id.* at 339 (quoting *Cooper v. Viking Ventures*, 53 Wn. App. 739, 742-43, 770 P.2d 659 (1989)). Here, according to the superior court's findings that are verities on appeal, Benedict engaged in multiple abuses of the LINX system, including using unauthorized methods of accessing the system, filing numerous pleadings in violation of the superior court's order, and inappropriately titling documents. Given Benedict's abuse of the LINX system, the superior court did not abuse its discretion by determining that it was proper to restrict Benedict's access to LINX.[3]

Third, Benedict argues the superior court negligently permitted the destruction of court records. We review a superior court's decision to strike pleadings for an abuse of discretion. *King County Fire Prot. Dists. No. 16, No. 36, & No. 40 v. Hous. Auth. of King County*, 123 Wn.2d 819, 826, 872 P.2d 516 (1994). Benedict's pleadings were filed in direct violation of the superior court's October 2020 judgment, and therefore, we conclude the superior court did not abuse its discretion in striking the pleadings from consideration. Benedict, however, suggests that the March 2022 Order may go further and actually order the clerk to destroy documents in the court record. We agree that if the destruction of documents from the court record were ordered, it would be an abuse of discretion. But with our limited record, we cannot conclude that document destruction is what the superior court intended (language ordered the clerk "to strike from the

---

[3] Further, we note that Benedict has not been restricted from filing appropriate documents directly with the superior court and the Pierce County Clerk.

LINX case file all of the documents listed in Paragraph 4"). CP at 9 (boldface omitted). Further, Benedict has not shown that any documents have been destroyed. We affirm the superior court's order striking the improperly filed documents from consideration but remand to the superior court to clarify the March 2022 Order to properly preserve the public court record.

Fourth, Benedict argues that the superior court unfairly compelled her to hire an attorney. However, Benedict's contention that the superior court required her to hire an attorney is not supported by the record. The superior court only ordered that Benedict could not access LINX through another person's account "unless that person is a licensed Washington attorney who is actively representing the [Benedict]." CP at 9 (boldface omitted). The superior court's order does not require Benedict to obtain representation. Therefore, Benedict's argument is unsupported by a factual basis in the record.

Fifth, Benedict argues the superior court improperly required her to disclose her residential address. Specifically, Benedict argues that requiring her to provide her residential address to the superior court for service violates the address confidentiality program, chapter 40.24 RCW. One of the purposes of the address confidentiality program is "to enable state and local agencies to accept a program participant's use of an address designated by the secretary of state as a substitute mailing address." RCW 40.24.010. Because of Benedict's threatening and derogatory interactions with the superior court's judicial assistant, it was not an abuse of discretion for the superior court to order that Benedict only accept service and communication from the court by mail. However, there is no apparent reason to specifically require Benedict to provide her current residential address as long as she provides the superior court with a current and reliable mailing address where

she is willing and able to receive service and communication from the superior court. Accordingly, we remand to the superior court to modify the March 2022 Order to require that Benedict provide a current mailing address rather than a current residential address.

Sixth, Benedict argues the superior court violated local court rules and improperly converted a non-oral argument hearing to an oral argument hearing. We disagree. PIERCE COUNTY SUPER. CT. LOCAL RULES (PCLR) 7(a)(10) provides:

> The cases on the motion docket for each motion day shall be called and oral argument may be presented. . . . The trial court may, in its discretion or for good cause shown, waive oral argument for civil motions.

MacDonald requested that his motion to strike and motion for sanctions be heard without oral argument, but the superior court determined that it wanted to hear argument and ordered the parties to appear by Zoom. The superior court's judicial assistant informed both MacDonald and Benedict of the superior court's decision. Rather than inform the court that she was unable to appear or needed additional information to access the Zoom hearing, Benedict responded to the judicial assistant with threats and derogatory comments. Benedict has failed to show that the superior court abused its discretion by requiring oral argument on MacDonald's motions.[4]

Seventh, Benedict argues that the superior court failed to comply with the requirements of the Uniform Correction or Clarification of Defamation Act (UCCDA). However, the underlying defamation complaint that Benedict filed had already been dismissed and that judgment has now

---

[4] Benedict asserts that the superior court failed to comply with the notice and service requirements of PCLR 7(a)(3)(A). However, the notice and service requirements of PCLR 7(a)(3)(A) apply to the party filing a motion, they do not apply to the superior court.

No. 56863-2-II
(Consolidated with No. 58080-2-II)

been affirmed on appeal. The UCCDA has no bearing or relevance to the superior court's March 2022 Order on MacDonald's motions to strike and for sanctions.

Benedict also requests sanctions be imposed against MacDonald. Under RAP 18.9(a), we will impose sanctions against a party "who uses these rules for the purposes of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." Benedict filed this appeal and has not shown that MacDonald failed to comply with the rules on appeal or otherwise used the rules for the purpose of delay. Accordingly, Benedict has failed to show that sanctions are appropriate under RAP 18.9.

We affirm the superior court's March 2022 Order but remand to the superior court to modify its order consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, J.

L, J.

8